RAMÓN MONTANER, MANAGER OF THE STATE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 4. Argued November 16, 1936.—Decided December 8, 1936.

*B. Fernández García*, Attorney General, *Emilio de Aldrey*, Assistant Attorney General and *Luis Negrón Fernández* for the appellant. *M. León Parra* for the appellee. *Besosa & Besosa* for the petitioners and appellants in the Industrial Commission.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On April 29, 1936, the Manager of the State Fund found Petrona Campos de Montero, mother of the deceased workman Angel Montero Campos, and Alexis Montero Balasquide, recognized natural child of such workman, to be his beneciaries, awarding them a compensation amounting to $1,509.60, to be distributed between the beneficiaries above named in the following proportion: to the minor Alexis Montero Balasquide, 75 per cent of the aforesaid sum and to Petrona Campos de Montero, 25 per cent of said sum.

Upon appeal from this decision to the Industrial Commission, the Commission decided that the appellant minors Angel Manuel and Zaida Iris Montero Martínez, legitimate children of the deceased workman, were dependent for their support in part upon the earnings of their father Angel Montero Campos, and that accordingly they were entitled to indemnity in accordance with the provisions of Act No. 45 of April 18, 1935 (Laws, p. 250), in addition to the beneficiary Petrona Campos de Montero, mother of the deceased workman and the recognized natural child Alexis Montero Balasquide. The indemnity awarded by the Manager of the State Fund, amounting to $1,509.60, was distributed under the order of the Industrial Commission, between the beneficiaries in the following proportion: $459.60 to Petrona Campos de Montero, mother of the deceased workman, $300 to each one of the legitimate children of such workman Angel Manuel and Zaida Iris Montero y Martínez, $300 to the recognized natural child, Alexis Montero Balasquide, and $150 to be paid in equal parts to the attorneys for professional services rendered to the persons represented by them.

The Industrial Commission refused to grant a reconsideration of this order asked for by the Manager of the State Fund, who now appears before us to ask that we review and reverse the basis of such order and confirm the order originally entered by the aforesaid manager.

The respondents, Angel Manuel and Zaida Iris Montero Martínez, ask for dismissal of the petition for review upon the ground, *inter alia,* that the State Fund is not an interested party in this matter. It is argued that such fund has not been prejudiced by the participation awarded to the respondents, since the amount awarded by the administrator has not suffered the slightest alteration. The only thing done by the Commission was to distribute that sum between the mother, the minor legitimate children of the deceased workmen and his natural child.

Section 11 of Act No. 45 of April 18, 1935, known as the Workmen's Compensation Act, provides:

"Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof; *Provided,* That said review may be granted only on questions of law."

As may be seen, only interested parties may ask for review of an order or decision of the Industrial Commission by the Supreme Court. In our opinion it is clear that the Manager of the State Fund is not an interested party in this case, since the order entered by the Industrial Commission and that which might be entered on appeal would in no way prejudice the State Fund.

The amount awarded by the Manager has not been changed, nor is that a question discussed in the present appeal. The Industrial Commission has confined itself to granting to the minor legitimate children a proportional part of the sum in question. The natural child, who is really prej-

udiced, since the amount awarded to him by the administrator has been reduced, has not seen fit to appeal from the order of the Industrial Commission. The manager, who has no interest in the matter, is the only party who appears to be prosecuting this petition, and for this reason we believe that the same ought to be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this court.